IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| SUGAR RAY THOMAS | § | |
| VS. | § | CIVIL ACTION NO. 1:24cv216 |
| DIRECTOR, TDCJ-CID | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Sugar Ray Thomas, an inmate confined within the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this petitioner for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge, for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Discussion

Petitioner was previously convicted of aggravated robbery in the 252nd District Court of Jefferson County, Texas. He was sentenced to 65 years of imprisonment. *Thomas v. State*, No. 09-11-00309-CR, 2011 WL 6747427 (Tex.App.-Beaumont 2011).

A state prisoner must exhaust all remedies available in state court before proceeding in federal court unless circumstances exist which render the state corrective procedure ineffective to protect the prisoner's rights. 28 U.S.C. § 2254. In order to exhaust properly, a state prisoner must "fairly present" all of his claims to the appropriate state court. *Picard v. Connor*, 762 F.2d 429 (5th Cir. 1985). In Texas, all claims must be presented to and ruled on by the Court of Criminal Appeals. *Richardson v. Procunier*, 762 F.2d 429 (5th Cir. 1985).

In Texas, two avenues are available to a petitioner attempting to fairly present his claim to the Court of Criminal Appeals. First, a petitioner may directly appeal his conviction by filing a petition for discretionary review with the Court of Criminal Appeals. Second, a petitioner may file a post-conviction application for writ of habeas corpus in the state courts.

Petitioner does not indicate he filed either a petition for discretionary review or a state application for writ of habeas corpus. As a result, petitioner has not presented his claims to the Court of Criminal Appeals and has not exhausted his state remedies concerning his conviction. This case should therefore be dismissed for failure to exhaust state remedies. The dismissal will be without prejudice to petitioner's ability to file a new petition after exhausting his state remedies.

### Recommendation

This petition for writ of habeas corpus should be dismissed without prejudice.

### Objections

Objections must be (1) specific, (2) in writing, and (3) served and filed within 14 days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(b) and 72(b).

A party's failure to object bars that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court, *Douglass v. United Serv. Auto. Ass'n.*, 79 F.3d 1415, 1429 (5th Cir. 1996) (*en banc*).

SIGNED this 20th day of June, 2024.

_____
Zack Hawthorn
United States Magistrate Judge